# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

CHRISTINE JACKSON, AS
GUARDIAN AND NEXT FRIEND OF
DENAREUS CORTEZ MARTIN                                                      PLAINTIFF

VS.                                            CIVIL ACTION NO.: 3:17-CV-181-MPM-JMV

TOWN OF TUTWILER, MISSISSIPPI, ET AL.                                      DEFENDANTS

### ORDER ON THE PROCEDURAL PORTION OF DEFENDANT'S
### MOTION TO STRIKE PLAINTIFF'S EXPERTS
### LLOYD GRAFTON AND H. SCOTT ROSS OR,
### IN THE ALTERNATIVE, FOR DAUBERT HEARING

## INTRODUCTION

This matter is before the court on the motion of the Municipal Defendant to Strike Expert H. Scott Ross on procedural grounds.[1] The court, having considered the motion to the extent that it requests such relief, finds that it is well taken and should be GRANTED.

## BACKGROUND

A case management order [28] was entered on January 22, 2018, setting, *inter alia*, Plaintiff's expert designation deadline as April 23, 2018. On that date, Ross was identified as a retained expert witness for the Plaintiff. However, no signed report was provided to Defendants as required by Fed. R. Civ. P. 26(a)(2)(B). Instead, Plaintiff's counsel merely disclosed, in relevant part:

---

[1] The [56] Motion to Strike requests that both Expert Lloyd Grafton and H. Scott Ross be stricken. Lloyd on Daubert grounds and Ross on procedural and Daubert grounds. Daubert motions are before the District Judge, therefore the Daubert portions of the motion will not be taken up here.

2. The Plaintiff has also consulted H. Scott Ross, Esquire, a former mayor of the Town of West Point, Mississippi, as a retained, expert witness in the field of public administration and municipal government, who holds opinions on the duties and responsibilities of Defendants Latoya Ellis as clerk of the Tutwiler City Court and Angela Chandler, as town

Mr. Ross further holds the opinion that the Town of Tutwiler through its officials participated in the deprivation of Cortez' civil rights in the implementation of the Town's community service program.

Mr. Ross holds the opinions that the Town of Tutwiler was directly negligent in this matter in its failure to select, hire, and retain personnel of the requisite skill, intellect, temperament, experience, and training to exercise charge over its community service detainees, and further in its failure to properly train and supervise its officials and officers in performance of their duties in executing the town's community service program.

Based upon his review of the material thus far made available to him, Mr. Ross also holds the opinion that the Town of Tutwiler was directly negligent in failing to institute appropriate procedures and protocols for the execution of its community service program, specifically with respect to the adoption of rules or regulations designed to protect handicapped citizens in the Town's custody from harm.

The ultimate opinions of Mr. Ross in this matter are expected to be based in part upon information to be obtained through the discovery process in this cause of action, which is ongoing. Consequently, the Plaintiff reserves the right to supplement this designation with a detailed summary stating the substance of the facts and opinions to which Mr. Ross is expected to testify and a summary of the grounds for each such opinion, as required by the terms of Rule 26 of the Federal Rules of Civil Procedure.

A copy of Mr. Ross' current curriculum vitae will be provided to defense counsel through discovery and is incorporated herein by reference.

No further supplementation was provided. On September 5, 2018, Defendant, Town of Tutwiler, filed the instant motion arguing, in relevant part, that Ross should be stricken as an expert witness for failure to provide an expert report, as required by Fed.R.Civ.P. 26. Plaintiff served a response on September 19, 2018, arguing that her designation should not be stricken as it is sufficient to fulfill the requirements of Fed.R.Civ.P. 26, and thus her error is harmless. On September 26, 2018, Defendant filed its reply, and the motion is now ripe.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(a) requires parties to produce an expert report with the designation of any witness "retained or specially employed to provide expert testimony in the case..." Fed. R. Civ. P. 26(a)(2)(B). The report, which is to be prepared and signed by the expert, must contain the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony of the case.

*Id.* at 26(a)(2)(B)(i)-(vi). When a party fails to provide an expert report, they are prohibited from using the expert witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Moreover, this Court's Local Rules state that failure to "make full and complete disclosure [of an expert] as required by Fed. R. Civ. 26(a)(2) . . . no later than the time specified in the case management order . . . provides grounds for prohibiting introduction of that evidence at trial." L.U. Civ. R. 26(a)(2). Anything less than full disclosure is not "considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court." *Id.* at 26(a)(2)(B).

3

1. *Plaintiff has failed to Provide an Expert Report, much less the specified information required pursuant to FRCP26 (a)(2)(B)(i)-(vi).*

In her [60] Response to the instant motion, Plaintiff conceded that Ross has not generated a formal signed report.

2. *Plaintiff's Failure to Timely Provide Her Expert Report is Not "Substantially Justified or Harmless."*

Plaintiff offers no justification for her wholesale failure to provide Ross's report other than a representation to the court that, "the information contained in his designation is thorough and complete, providing the moving defendant fair notice of the substance of his opinions and the bases therefor…" Doc. 84 at 2-3.

Despite counsel's assertion, the purported designation of Ross contained none of the specific opinions to be testified to (other than generalities about categories of asserted conduct claimed by Ross to constitute negligence), much less the facts and data in support thereof. The designation indicates, in fact, that even the vague general opinions offered were not the "ultimate" opinions of Ross and that "the ultimate opinions of Ross in this matter are expected to be based in part upon information to be obtained through the discovery process…" Doc. #56-1 at 3.

3. *Sanctions.*

When deciding whether to strike an expert due to failure to timely produce an expert report, district courts consider the following factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the court's order; (3) the potential prejudice that would arise from allowing the testimony; (3) the availability of a continuance to cure such prejudice." *Harmon v. Georgia Gulf Lake Chares L.L.C.*, 476 F. App'x 31, 37 (5th Cir. 2012); *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). Each factor weighs in favor of striking Ross.

As to the first prong, Ross's testimony is clearly not pivotal to Plaintiff's case, as Plaintiff has not even finally determined, as far as the court can discern from the record, what his ultimate testimony will be. Indeed, according to the designation itself, the representations made therein are not Ross's ultimate opinions to be offered in the case and are admittedly not based on *any* identified facts or data, the latter being information, according to the designation, not yet discovered as of its filing.

Second, Plaintiff has not provided any explanation for the failure to comply with the court's Order and produce Ross's signed expert report containing all of the information required under Fed.R.Civ.P. 26.

Third, Plaintiff's omission of the report deprived Municipal Defendant of the opportunity to adequately explore Ross's opinions and the facts and data on which they are premised in order to develop defenses to them through discovery. Thus, unfair prejudice would result if Ross were permitted to testify.

Finally, the possibility of a trial continuance is unlikely, as the Plaintiff has not made such a request, and the undersigned is in no position to speculate as to whether the district judge would be so inclined to grant such a request for the purpose of curing prejudice caused by a failure for which, still, the court has no explanation.

The weight of these factors overwhelmingly favor striking Ross as an expert due to Plaintiff's failure to provide his expert report.

Accordingly, IT IS THEREFORE ORDERED that the [33] Plaintiff's Designation of Expert Witness, is hereby STRICKEN, as to Ross, on the grounds of failure to provide an expert report, as required by Fed.R.Civ.P 26.

**SO ORDERED** this, November 6, 2018.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**