UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHRISTINE JACKSON, AS CONSERVATOR AND
NEXT FRIEND OF DENAREUS CORTEZ MARTIN                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:17-cv-181-MPM-JMV

TOWN OF TUTWILER, MISSISSIPPI; et al                     DEFENDANTS

**ORDER**

Defendant Town of Tutwiler has filed a motion seeking for this court to reconsider its order denying its motion for summary judgment in this case. In this court's prior order, it made clear that it regarded the issue of whether Chief Tyler was the Town's chief policymaker to be an exceedingly close and difficult one, and this remains the case. This court further made clear that it might yet agree with the Town's position that Tyler was *not* its chief policymaker at the directed verdict and/or JNOV stages of trial. This also remains the case. However, it is also true that, based on the summary judgment briefing, this court tentatively concluded that Tyler, and not the Board, acted as the final policymaker in this case.

In its motion for reconsideration, the Town offers this court *additional* authorities that it did not cite in its original briefing. *See e.g. Valle v. City of Houston*, 613 F.3d 536, 542-44 (5th Cir. 2010).[1] While this court welcomes any additional briefing on these difficult issues, a motion

---

[1] This court notes parenthetically that *Valle* involved a plaintiff's attempts to hold a police *captain,* not the Chief of Police, liable for his decision to order an unlawful arrest. *Valle*, 613 F.3d at 543. Indeed, with regard to the city ordinance at issue in *Valle*, the Fifth Circuit wrote that "[u]nder Chapter 34 of the City Code of Ordinances, the Chief of Police may delegate authority to another and such person 'so designated shall be vested with the full authority of the office of chief of police.'" *Id.* Thus, one reading of *Valle* appears to actually be supportive of plaintiff's position that the Chief of Police was the final policymaker regarding the actions in this

1

to reconsider is clearly not the proper context in which to present such additional authorities. The parties in this case are encouraged to submit any legal precedent (particularly Fifth Circuit decisions) which they deem relevant, since this court wishes to decide this issue correctly. For the purposes of the summary judgment order, however, this court's ruling was, and must remain, based on the authorities and arguments submitted to it beforehand. This court will consider any additional authorities and/or arguments at the directed verdict and/or JNOV stage of trial, as it indicated it would do in its summary judgment order.

Recognizing that these issues are close and difficult ones, the Town alternatively seeks for this court to certify them for interlocutory review to the Fifth Circuit. While this is not an unreasonable request, this court notes that, regardless of the Town's liability, it will need to conduct an evidentiary hearing regarding the damages suffered by plaintiff at the hands of the defaulting individual defendants. Thus, considerations of judicial economy favor deciding the Town's liability and that of the defaulting defendants based upon the same testimony. Moreover, this court does not regard it as unfair or unreasonable that the Town should have to face the burden of a trial, given that so many of its employees, including its former Chief of Police, are alleged to have participated in repeated, egregious conduct towards plaintiff. If the Town was to avoid that burden, it must be based upon the arguments and authorities submitted in support of its motion for summary judgment, and not upon any additional authorities submitted after this court's ruling.

---

case. This is merely this court's first impression of *Valle*, however, and it will not "take the bait" of engaging in any extensive analysis of new authorities on motion for reconsideration.

It is therefore ordered that the Town's motion to reconsider or, alternatively, for interlocutory review, is denied.

So ordered, this, the 10th day of December, 2018.

/s/ Michael P. Mills
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**